RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent from that portion of the disposition concluding that a material issue of fact exists regarding the Plaintiffs’ fraudulent misrepresentation claim.
In determining whether an adequate showing of justifiable reliance has been made, California courts distinguish between fraud in the inducement of a contract and fraud in the execution of a contract. See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass’n, 55 Cal.4th 1169, 151 Cal.Rptr.3d 93, 291 P.3d 316, 325 n. 11 (2013); see also Duick v. Toyota Motor Sales, U.S.A., Inc., 198 Cal.App.4th 1316, 1320-21, 131 Cal.Rptr.3d 514 (2011). “Fraud in the inducement occurs when the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable.” Julius Castle Rest., Inc. v. Payne, 216 Cal.App.4th 1423, 1440, 157 Cal.Rptr.3d 839 (2013) (citation, alteration *573 and internal quotation marks omitted) (emphases added). Fraud in the inducement addresses facts external to the terms of the contract. See id.
Fraud in the execution occurs when the alleged misrepresentation “induces conduct that appears to be a manifestation of assent by one who neither knows nor has a reasonable opportunity to know of the character or essential terms of the proposed contract ...” Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal.4th 394, 420, 58 Cal.Rptr.2d 875, 926 P.2d 1061 (1996) (citation omitted) (emphasis in the original). If a party with a reasonable opportunity to know the character and essential terms of a contract “fails to learn the nature of the document he or she signs,” failure to read the contract “precludes a finding the contract is void for fraud in the execution.” Id. at 423, 58 Cal.Rptr.2d 875, 926 P.2d 1061 (citation omitted).
Plaintiffs asserted a claim predicated on fraud in the execution. They contended that Land Bank failed to disclose the fact that the documents they were signing included a guaranty. There is no evidence in the record that Land Bank representatives “took some action or said something to hurry or pressure” the Plaintiffs into signing the guaranty agreement. Id. at 424 n. 12, 58 Cal.Rptr.2d 875, 926 P.2d 1061. The Plaintiffs were given the opportunity to read the documents and expressed awareness that they were signing a guaranty.. Accordingly, no material issue of fact was raised regarding the existence of extrinsic fraud. See id. at 420, 58 Cal.Rptr.2d 875, 926 P.2d 1061. I would affirm the district court’s entry of summary judgment in favor of Land Bank in its entirety.